IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 15-00750 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEREK IKEHARA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR IMMEDIATE RELEASE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 45)**

Defendant Derek Ikehara is serving a 100-month sentence after pleading guilty to three counts of Distribution Of 50 Grams Or More Of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

Defendant is currently incarcerated at Federal Detention Center Honolulu with a projected release date of September 6, 2023.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic. He alleges that his medical conditions place him at high risk of serious illness if he should contract the virus.

The Government opposes Defendant's Motion.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Considering the totality of the circumstances and the

factors set forth in 18 U.S.C. § 3553(a), the Court finds that Defendant's release is not appropriate.  Defendant poses a significant danger to the public as evidenced by his lengthy criminal history, therefore he should not be immediately released into the community.

Defendant's MOTION FOR IMMEDIATE RELEASE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 45) is **DENIED**.

## PROCEDURAL HISTORY

On September 23, 2015, the grand jury returned an Indictment, charging Defendant Ikehara with 3 Counts of Distribution Of 50 Grams Or More Of Methamphetamine in violation fo 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).  (ECF No. 1).

On March 10, 2016, Defendant pled guilty to each of Counts 1, 2, and 3 of the Indictment for Distribution Of 50 Grams Or More Of Methamphetamine.  (ECF No. 31).

On June 8, 2016, Defendant's Presentence Investigation Report was filed.  (ECF No. 38).  The Presentence Report reflected Defendant was in Criminal History Category V with a Total Offense Level of 31 and a guideline range of 168 to 210 months imprisonment.  (Id. at p. 31).

On August 4, 2016, the Court held a sentencing hearing.  (ECF No. 42).  The Government filed a Motion pursuant to U.S.S.G. § 5K1.1, which allowed the Court to impose a sentence below the mandatory minimum.  (Id.; ECF No. 40)

The Court imposed a sentence of 100 months imprisonment as to each of Counts 1 through 3, to run concurrently, followed by 5 years of supervised release as to each of Counts 1 through 3, to run concurrently. (ECF No. 43).

On May 11, 2020, Defendant filed MOTION FOR IMMEDIATE RELEASE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 45).

On May 15, 2020, the Court issued a briefing schedule. (ECF No. 46).

On May 20, 2020, the Government filed UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR IMMEDIATE RELEASE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE). (ECF No. 47).

On May 21, 2020, Defendant filed a Reply. (ECF No. 48).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. Dillon v. United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a

motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>    (i)  extraordinary and compelling reasons warrant such a reduction;
> ...
>         and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has

first presented his request to the Bureau of Prisons.  In order to file a motion for compassionate release directly with the court, defendant must have either:

(1) "fully exhausted all administrative rights" with the Bureau of Prisons; or,

(2) filed his motion with the court after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A); <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020).

The requirement that a defendant first file a request for compassionate release with the BOP or the warden of the defendant's facility is a mandatory rule.  <u>United States v. Alam</u>, ___ F.3d ___, 2020 WL 2845694, *1-*3 (6th Cir. June 2, 2020). The defendant must either "fully exhaust" his request before the BOP or wait 30 days from the date of filing his request with the warden before the Court may consider a request for compassionate release.  See <u>United States v. Haney</u>, ___ F.Supp.3d ___, 2020 WL 1821988, *3 (S.D.N.Y Apr. 13, 2020) (explaining the statute "requires the defendant <u>either</u> to exhaust administrative remedies <u>or</u> simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court").

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider his motion for compassionate release.  On April 2, 2020, Defendant, through counsel, submitted a request to the warden of the Honolulu Federal Detention Center.  More than

thirty days have lapsed since the Defendant submitted his request which allows the Court to consider Defendant's Motion pursuant to 18 U.S.C. § 3582(c)(1)(A).  Haney, 2020 WL 1821988, at *3.

**B.    Merits Of Defendant's Request For Compassionate Release**

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A)    Extraordinary and compelling reasons warrant the reduction; or
>
> (B)    The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2)    The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3)    The reduction is consistent with this

policy statement.

U.S.S.G. § 1B1.13.

Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c). Defendant is only entitled to relief if he demonstrates:

(1) extraordinary and compelling reasons warrant a sentence reduction;

(2) he is not a danger to the safety of others or the community, and,

(3) any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

### 1. Extraordinary And Compelling Reasons Are Required To Warrant Sentence Reduction

The Sentencing Commission's application note for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons." The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act. See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231 at *4 (N.D. Cal. June 4, 2019).

Section 1B1.13 explains that extraordinary and compelling

7

reasons exist when:

- (A) **Medical Condition of the Defendant.**–

    - (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    - (ii) The defendant is—

        - (I)    suffering from a serious physical or medical condition,

        - (II)   suffering from a serious functional or cognitive impairment, or

        - (III)  experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

- (B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

- (C) **Family Circumstances.**–
    - (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    - (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

- (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in

>     subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant is 53 years old.  He alleges that he is suffering from a serious medical condition that warrants relief.  Defendant has been diagnosed with coronary artery disease, heart disease, hypertension, and hyperlipidemia.  Defendant has Type II diabetes that Defendant says, according to the Center for Disease Control, places him at a higher risk for severe illness from COVID-19.

The Government does not dispute Defendant's assertion that his medical condition constitutes extraordinary and compelling reasons that render him eligible to file a motion for compassionate release.  The Government argues, however, that Defendant does not warrant relief because he poses a danger to the community and has not established his release is warranted pursuant to the Sentencing Commission's policy statements and the factors set forth in 18 U.S.C. § 3553(a).

### 2. Release Is Not Available If Defendant Poses A Danger To The Safety Of Others And The Community

In order to be eligible for compassionate release, Defendant must establish release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

Defendant Ikehara has an extensive criminal history beginning in 1985 that includes convictions for burglary,

assault, driving under the influence, reckless endangering, theft, trespass, unauthorized control of a propelled vehicle, and violating a temporary restraining order.  Defendant has also been returned to prison for multiple parole violations.

The Defendant is currently serving a sentence for serious drug crimes that involved three separate instances of distribution of 50 grams or more of methamphetamine.

Defendant's Presentence Report reflects that he was in Criminal History Category V at the time of sentencing on August 4, 2016.

Defendant has numerous other arrests, including an arrest for Kidnaping, and multiple arrests for violating Temporary Restraining Orders.  (Presentence Report at pp. 17-18, ECF No. 38).

Defendant poses a danger to the safety of others and the community.  The factors in Section 3553(a) do not support the immediate release of the Defendant.  Defendant has a criminal history spanning more than thirty years.  He is in Criminal History Category V, had a total offense level of 31, and had a sentencing guideline range of 162 to 210 months imprisonment.  Defendant received a significant downward departure and was sentenced to 100 months imprisonment.  Defendant has more than 39 months left of his 100-month sentence.  Defendant's immediate release is not appropriate considering the totality of the circumstances.

**CONCLUSION**

Defendant's Motion For Immediate Release Under The First Step Act (Compassionate Release) (ECF No. 45) is **DENIED**.

IT IS SO ORDERED.

Dated: June 9, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge